## 64914. FAMBRO v. THE STATE.

BANKE, Judge.

The defendant was found guilty of aggravated assault based on evidence that he shot his wife in the face with a pistol during an argument which took place while he was under the influence of alcohol. The jury's verdict was as follows: "Guilty (Criminal Negligence)." On appeal, the defendant contends that this verdict was a nullity in that it negated the existence of criminal intent. He also contends that the court erred in charging the jury that they could find him guilty if they concluded either that he acted intentionally or that he acted out of criminal negligence. Finally, he contends that he received ineffective assistance of counsel. *Held:*

1. Code Ann. § 26-601 provides as follows: "A crime is a violation of a statute of this state in which there shall be a union of joint operation of act, or omission to act, and intention, or criminal negligence." It follows that the trial court did not err in charging the jury that the state must prove either that the defendant acted intentionally or that he was criminally negligent. See generally *Bass v. State,* 237 Ga. 710 (229 SE2d 448) (1976). Accord *Johnson v. State,* 156 Ga. App. 411 (1) (274 SE2d 778) (1980). The holding in *Maltbie v. State,* 139 Ga. App. 342 (2) (228 SE2d 368) (1976), is not authority to the contrary, for the child abuse indictment at issue in that case charged that the defendant did " 'maliciously cause said child cruel and excessive physical and mental pain.' " (Emphasis supplied.) The court's conclusion that the state was required to prove an intentional act was based on the use of the word "maliciously."

2. The jury's verdict in this case was consistent with the charge as set forth in the indictment, with the court's instructions, and with the evidence. It follows that the verdict was not void, and the court did not err in receiving it. The defendant's reliance on *Cross v. State,* 124 Ga. App. 152 (2) (183 SE2d 93) (1971), is misplaced, for in that case the jury found the defendant guilty of the offense of conspiracy, whereas he had been charged with larceny.

3. It follows from the foregoing that the defendant's trial counsel cannot be considered ineffective as a result of his failure to object either to the court's charge or to the form of the verdict. We also reject the contention that counsel was under a duty to request jury instructions on the lesser offenses of pointing a pistol at another (Code Ann. § 26-2908) or reckless conduct (Code Ann. § 26-2910). We cannot conclude that counsel's failure to request such charges was not a legitimate trial tactic, and we will not second guess such decisions based on the clarity afforded by hindsight. See generally *Pitts v. Glass,* 231 Ga. 638 (203 SE2d 515) (1974); *Solomon v. State,* 247 Ga.

27 (1) (277 SE2d 1) (1980).
*Judgment affirmed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED NOVEMBER 10, 1982 —

*Stephen P. Harrison,* for appellant.
*E. Byron Smith, District Attorney, Donald J. Coffey, Assistant District Attorney,* for appellee.