66454. MORTON v. THE STATE.

SHULMAN, Chief Judge.
Appellant was convicted of child molestation (OCGA § 16-6-4 (Code Ann. § 26-2019)) and now takes issue with several of the trial court's rulings and the content of the instructions to the jury.

1. The trial court allowed a police officer to testify about the content of conversations he had with the victim at the scene of the molestation. When defense counsel interposed a hearsay objection, the trial court admitted the testimony for the purpose of explaining the officer's conduct. See OCGA § 24-3-2 (Code Ann. § 38-302). Further objection was not forthcoming.

" 'The testimony that a witness received certain information upon which he acted is admissible not as independent evidence to establish the truth of such information, but as an inducement and explanation by the witness that, acting on such information, he

discovered other facts connecting the accused with the crime in question.' [Cit.] 'Although the better practice is to bring out the fact of the conversation without relating the exact words used, where the details are given there is no reversible error unless the words are prejudicial.' [Cit.] In the case sub judice, the victim had already testified at quite some length concerning the events of the day in question. [His] testimony regarding the incident did not differ materially from that given by the police officer. Under the circumstances, we find no prejudice." *Williams v. State,* 156 Ga. App. 481 (2) (274 SE2d 826). The conversation the officer had with the victim was sufficient to confirm the officer's belief that a crime had been committed and authorized his action of detaining appellant.

2. Appellant complains that the jury should have been instructed to consider the police officer's recounting of the conversation only as an explanation of his conduct and not for the truth of the matter asserted. The transcript shows that, upon defense counsel's objection, in the presence of the jury, the trial court announced that the testimony would be allowed only for the purpose of explaining the officer's conduct. This statement was greeted by defense counsel with satisfaction, and the trial continued. It was not necessary for the trial court to preface its remarks by specially addressing the jury.

3. Appellant sought a mistrial during the state's closing argument on the grounds that the district attorney improperly commented on appellant's failure to testify and injected his personal belief as to appellant's guilt. The district attorney offended appellant by remarking, "I don't know why he doesn't want to admit the truth to you in the face of that indictment and plead guilty, but that is his choice. He has that right. That is our law." In *Ranger v. State,* 249 Ga. 315 (3) (290 SE2d 63), the Supreme Court adopted a two-prong test to be applied by an appellate court to determine if a prosecutorial comment constitutes reversible error. Either the prosecutor's manifest intent must have been to comment on the defendant's failure to testify or the remark must have been of such a character that the jury would naturally and necessarily take it to be a comment on the defendant's failure to testify. We do not find that either prong has been met in the case at bar. The district attorney was simply commenting on the amount of evidence against appellant and the fact that appellant could have exercised, but chose not to, his right to plead guilty to the offense.

Nor may we reverse appellant's conviction on the ground that the district attorney used the remark as a vehicle to urge his personal belief as to appellant's guilt. Because no such objection was voiced at trial, it cannot be considered now. *Jones v. State,* 243 Ga. 820 (7) (256

SE2d 907); *House v. State,* 227 Ga. 257 (1) (181 SE2d 31).

4. The remainder of appellant's enumerated errors find fault with the content of the jury charge. Two charges, the giving of which are now complained of, were not objected to at trial, and counsel did not reserve his objections to the charge. Under the holding in *Jackson v. State,* 246 Ga. 459 (271 SE2d 855), the errors, if any, are deemed waived.

5. Appellant contends that public indecency and contributing to the delinquency of a minor are lesser included offenses of child molestation and should have been charged to the jury as such. Even if we assume for the sake of argument that the two crimes are lesser included offenses, the uncontradicted evidence showed completion of the greater offense; therefore, charges on the lesser offenses are not required. *Jordan v. State,* 239 Ga. 526 (2) (238 SE2d 69); *Marable v. State,* 154 Ga. App. 115 (2) (267 SE2d 837). The trial court did not err in failing to give the requested instructions.

*Judgment affirmed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED SEPTEMBER 14, 1983.

*Billy L. Spruell, Thomas R. Moran,* for appellant.
*Robert E. Wilson, District Attorney, Barbara Conroy, Assistant District Attorney,* for appellee.