## A97A2101. REYNOLDS v. THE STATE.
(497 SE2d 580)

RUFFIN, Judge.

A jury found Johnny Stephen Reynolds guilty of false imprisonment and simple battery. Reynolds appealed, claiming ineffective assistance of counsel, insufficiency of the evidence and errors committed by the trial court. We affirm for reasons which follow.

Viewed in a light most favorable to support the verdict, the evidence shows that at approximately 10:30 p.m. on May 31, 1993, the

victim, Kimberly Ann Crossley, drove to a video store to rent a movie. Crossley noticed Reynolds walking his dog on a leash in the parking lot in front of the store. Upon exiting the video store and returning to her car, Reynolds initiated a conversation with Crossley. Reynolds then asked her if she would assist him in jump-starting his van that was located on the other side of the large parking lot. Crossley agreed, and she, Reynolds and the dog got into her vehicle. Reynolds then said that he had lied and that he really needed a ride to Macon, Georgia. When she denied this request, Reynolds asked her if she could at least give him a ride to his house which was only a couple of blocks away. Crossley agreed, and Reynolds directed her to drive down a dead end street. However, Reynolds could not identify which house was his. When Crossley reached the end of the road, she turned around and Reynolds directed her to drive down a pathway that led into the woods. Crossley refused and advised Reynolds to get out of the car. Reynolds again told Crossley to drive down the path, and when Crossley resumed driving on the main road, Reynolds reached over, "slammed [the car] into park and said you don't want to do this." Reynolds then grabbed her, and she began fighting to escape. Crossley elbowed Reynolds during the struggle, broke loose, exited her car and ran towards another vehicle that was traveling down the street. Reynolds ran off with his dog. Crossley denied that she ever consented to Reynolds touching or grabbing her in any way. Reynolds admitted making a sexual advance towards Crossley, testifying at trial that he kissed her and "rubbed across the front of her shirt."

1. We conclude that there was sufficient evidence to authorize a rational trier of fact to find Reynolds guilty beyond a reasonable doubt of false imprisonment and simple battery. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Reynolds held Crossley against her will while he made sexual advances toward her and physically caused her harm. OCGA §§ 16-5-23 (a); 16-5-41 (a).

2. Reynolds argues that the simple battery conviction should have merged with the false imprisonment conviction. We disagree. "Offenses may be said to merge when (1) one is a lesser offense included in another or (2) each of the two different charges arises out of the same conduct as the other, and all the evidence is used to establish one of the offenses charged." *Johnson v. State*, 195 Ga. App. 723 (2) (394 SE2d 586) (1990).

Simple battery is committed when a person either "[i]ntentionally makes physical contact of an insulting or provoking nature with the person of another" or "[i]ntentionally causes physical harm to another." OCGA § 16-5-23 (a). A person commits false imprisonment when he confines or detains another person without legal authority and in violation of the other person's personal liberty. OCGA § 16-5-

41 (a). In light of these definitions, we find that false imprisonment does not necessarily require an offensive touching as is required with simple battery. Accordingly, we conclude that simple battery is not, by definition, a lesser included offense of false imprisonment.

In the instant case, the jury could have found that Reynolds committed simple battery on Crossley by grabbing her, fighting with her as she tried to escape, or by making his sexual advance which included rubbing against the front of her shirt. The separate evidence of Reynolds slamming the car into park and holding Crossley against her will supported the false imprisonment conviction. Accordingly, the evidence to support the simple battery conviction was not necessarily "used up" to prove the elements of false imprisonment. *Johnson*, supra; *Gilbert v. State*, 176 Ga. App. 561 (2) (336 SE2d 828) (1985).

3. Reynolds asserts that the trial court improperly commented on the verdict in the presence of the jury in violation of OCGA § 17-9-22. We disagree.

The record shows that after the jury had announced the guilty verdict, the trial court proceeded to sentence Reynolds. The court allowed the jurors to view the sentencing proceeding if they so desired. The trial judge stated during sentencing that he wanted to give Reynolds the maximum sentence, but was concerned that the state pardons and parole board would release Reynolds early. The judge commented that "[i]f I had more time to work with I wouldn't worry about putting him in prison for ten years. . . . But eleven is the maximum I've got. There is also some other arguments about merging of the two offenses. That is something the court needs to consider. I'm sure the jury doesn't understand what I'm talking about but I do and I think the lawyers do."

OCGA § 17-9-22 (a) provides that "[n]o judge of any court shall either directly or indirectly express in open court his approval or disapproval of the verdict of any jury in any case tried before him. . . ." In the instant case, the judge was not expressing his disapproval of the jury's verdict, but was merely considering the sentencing options available in light of the convictions. Accordingly, there was no error.

4. Reynolds next asserts that the trial court erred in not allowing his counsel, Johnny Moore, to withdraw from representation and in failing to appoint new counsel.

The record reveals that Moore was Reynold's third appointed trial counsel. Reynolds disliked and distrusted his first attorney because the attorney advised Reynolds of certain evidence the State was planning to use to incriminate him. Reynolds did not trust his second attorney because he was a court-appointed attorney and was afraid that the attorney and the State were trying to set him up. Reynolds also did not trust Moore and declined to cooperate in the

preparation for his trial. At trial, Reynolds again expressed his distrust of Moore, and the trial court gave him the option of representing himself or proceeding with Moore as his attorney. Reynolds reluctantly agreed to be represented by Moore.

"[T]here was no error arising in [Reynolds] being confronted with choosing between representation by the appointed defense counsel and proceeding pro se. While an indigent defendant accused of a crime for which imprisonment is possible is entitled to have reasonably effective counsel provided to assist him, he is not entitled to counsel of his own choosing. [Cit.] A request by an indigent criminal defendant to discharge one court-appointed counsel and have another substituted in his place addresses itself to the sound discretion of the trial court. [Cit.]" *Durham v. State*, 185 Ga. App. 163, 164 (1) (363 SE2d 607) (1987). See also *Rivers v. State*, 250 Ga. 303, 307 (6) (298 SE2d 1) (1982). There was no abuse of discretion in this case. The trial court was very accommodating of Reynolds by dismissing his prior two court-appointed attorneys solely because Reynolds felt he could not trust them. As the trial judge appropriately stated, the court could not "keep going through lawyers perpetually because [Reynolds] tend[ed] not to like or trust [his] lawyer."

5. Next, Reynolds asserts that the trial court erred in failing to recharge the jury on false imprisonment. During its initial charge, the trial court instructed the jury that "intent is an essential element of any crime and must be proven by the state beyond a reasonable doubt." The trial court also charged the jury that "a person commits the offense of false imprisonment when in violation of the personal liberty of another he detains such person without legal authority." During deliberations, the jury sent out a note that stated "charge on false imprisonment." Underneath this was written, "any time frames?" and "intent involved?" The trial court held an unrecorded conference with Reynolds' attorney and the State to discuss the appropriate response to the jury's note. Following the unrecorded conversation, the trial judge stated on the record that "we have now agreed on the record that what the court should do is send back a note to the jury which says; the charge I've already given you on false imprisonment is as specific as I can be. You should consider the charge as a whole. . . ." The trial court asked the State and defense counsel if the response was agreeable with them, and they both said that it was. Defense counsel declined to put anything on the record, such as an objection or an exception to the trial court's response, when the trial court offered him the opportunity to do so.

"When the jury requests a charge or recharge on a particular point, the trial court has discretion to also give or not give additional instructions. [Cit.]" *Patterson v. State*, 264 Ga. 593, 594 (2) (449 SE2d 97) (1994). However, it is also well established that "[w]hen the jury

requests the court to recharge them on any point, it is the court's duty to do so. [Cits.]" *Edwards v. State*, 233 Ga. 625, 626 (2) (212 SE2d 802) (1975). See also *Glisson v. Glisson*, 268 Ga. 164, 165 (1) (486 SE2d 167) (1997). " 'Merely sending a message to the jury to consider the instructions previously given (may be) insufficient under the circumstances. (Cit.)' " Id. at 165.

Pretermitting whether the trial court's response to the jury's note may have been inadequate under the circumstances, we conclude that Reynolds waived his right to enumerate as error the failure to recharge by his own failure to object to the court's response. *Fox v. State*, 163 Ga. App. 601 (1) (295 SE2d 563) (1982); *White v. State*, 243 Ga. 250 (253 SE2d 694) (1979). The proposed response was agreed to by the court, the State and defense counsel. Defense counsel was an active participant and was present when the note was sent back to the jury. At no point was there any objection or exception to the trial court's response. Accordingly, Reynolds' attorney induced any error in the response by his participation, and this coupled with the fact defense counsel failed to object when given the opportunity to do so precludes Reynolds from raising this issue on appeal. See *Ingram v. State*, 160 Ga. App. 300, 301 (4) (287 SE2d 304) (1981) (induced error is impermissible); *Moore v. Sinclair*, 196 Ga. App. 667, 671 (5) (396 SE2d 557) (1990); *Edwards v. State*, 235 Ga. 603, 604 (2) (221 SE2d 28) (1975).

6. Reynolds asserts that Moore did not provide effective assistance of counsel. We first note that Reynolds could not refuse to cooperate with his court-appointed attorney and then claim later that he was not effectively represented. *Jefferson v. State*, 209 Ga. App. 859, 861 (1) (434 SE2d 814) (1993). However, since it appears that Reynolds did cooperate to some extent with his attorney during the trial, we will further consider this enumeration.

"In order to prevail on a claim of ineffective assistance of counsel [Reynolds] must show that his counsel's performance was deficient and that the deficient performance was prejudicial to his defense. *Smith v. Francis*, 253 Ga. 782, 783 (325 SE2d 362) (1985) (citing *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984)). To meet the first prong of this test, [Reynolds] must overcome the strong presumption that counsel's performance fell within a wide range of reasonable professional conduct and that counsel's decisions were made in the exercise of reasonable professional judgment. The reasonableness of counsel's conduct is examined from counsel's perspective at the time of trial and under the circumstances of the case. The second prong requires [Reynolds] to show there is a reasonable probability that, absent counsel's unprofessional errors, the result of the trial would have been different." (Citations and punctuation omitted.) *Brown v. State*, 268 Ga. 354, 357 (4) (490 SE2d

75) (1997).

(a) Reynolds argues that his attorney was not prepared to proceed to trial. However, this was due to Reynolds' own failure to cooperate with his attorney, and therefore he cannot complain on appeal in this regard. *Jefferson*, supra.

(b) Reynolds also asserts that his counsel failed to object when the trial judge improperly commented on the jury verdict. As we held in Division 3 that the trial judge did not violate OCGA § 17-9-22, trial counsel did not err in failing to object.

(c) Reynolds maintains that trial counsel was deficient in failing to request jury charges on lesser included offenses to the charge of false imprisonment and discussing these lesser included offenses with his client. Trial counsel testified in the motion for new trial hearing that at the time he had to make the decision regarding what charges to request, Reynolds was upset and was unwilling to cooperate. Reynolds cannot complain that his attorney did not adequately represent him when Reynolds refused to cooperate during this portion of the trial. *Jefferson*, supra. Additionally, defense counsel's reasons for not requesting jury charges on the lesser included offenses to the false imprisonment count were strategic and made in the exercise of his reasonable professional judgment. *Brown*, supra. Furthermore, Reynolds has failed to show how defense counsel's decision affected the results of the trial. Id. See also *Van Alstine v. State*, 263 Ga. 1 (426 SE2d 360) (1993).

(d) Finally, Reynolds argues that his counsel was ineffective in failing to object to the trial court's response to the jury's question on false imprisonment. There is no indication in the record as to trial counsel's reasons for not objecting to the court's answer to the jury question or requesting a recharge. Regardless, however, Reynolds has failed to show that there is a reasonable probability that, absent the attorney's error, the results of the trial would have been different. *Brown*, supra.

*Judgment affirmed. Birdsong, P. J., and Eldridge, J., concur.*

DECIDED FEBRUARY 11, 1998 —
RECONSIDERATION DENIED MARCH 10, 1998

*Lenzer & Lenzer, Robert W. Lenzer, Thomas P. Lenzer*, for appellant.

*Daniel J. Porter, District Attorney, Brian K. Wilcox, Assistant District Attorney*, for appellee.