A98A2183. HERNDON v. THE STATE.
(509 SE2d 142)

BLACKBURN, Judge.

Joseph Andre Herndon appeals the trial court's order denying his motion for a new trial, contending he received ineffective assistance of counsel during his trial. Herndon has failed to show that trial counsel's performance was deficient and that any of the alleged deficiencies prejudiced his defense. We affirm.

"In order to establish ineffectiveness of trial counsel under *Strickland v. Washington*, 466 U. S. 668, 687 (104 SC 2052, 80 LE2d 674) (1984), [Herndon] must show both that counsel's performance was deficient and that the deficient performance prejudiced the defense. Unless a defendant makes both showings, it cannot be said that the conviction resulted from a breakdown in the adversary process that renders the result unreliable. . . . In addition, there is a strong presumption that trial counsel's performance falls within the

wide range of reasonable professional assistance and that any challenged action might be considered sound trial strategy. In the absence of testimony to the contrary, counsel's actions are presumed strategic. The trial court's determination that an accused has not been denied effective assistance of counsel will be affirmed on appeal unless that determination is clearly erroneous." (Citations and punctuation omitted.) *Redd v. State*, 232 Ga. App. 666, 668 (4) (502 SE2d 467) (1998).

Herndon claims that counsel was deficient in: (1) failing to require the court reporter to take down opening statements, closing arguments or objections to her closing argument, which were sustained; (2) failing to question witnesses further due to the mistaken belief that certain narrative incident reports would go out with the jury; (3) refusing to accept the trial court's offer to give a limiting instruction regarding deposition testimony introduced at trial; (4) failing to object to certain testimony by the state's rebuttal witness; and (5) failing to preserve pretrial interviews with a key witness. Each of these alleged deficiencies is a strategic or tactical decision by trial counsel and therefore does not constitute ineffective assistance of counsel absent a contrary showing. "The extent of cross-examination and decisions as to which witnesses to employ, whether to interpose certain objections, and which requests to charge to submit, are all within the realm of trial tactics and strategy, and usually provide no basis per se for a reversal of appellant's conviction. *Bridges v. State*, 205 Ga. App. 664, 665 (2) (423 SE2d 293) [(1992)]." *Robinson v. State*, 210 Ga. App. 278, 280 (3) (435 SE2d 718) (1993). Additionally, trial counsel testified at the motion hearing that Herndon did not have enough money to take down the arguments or to hire an investigator to conduct the witness interviews. It is generally a tactical decision of trial counsel to determine how to allot the resources available in the defense of her client. Unless defendant can demonstrate that he has been injured by his attorney's failure to seek financial assistance from the court for an investigator, such failure cannot constitute ineffective assistance of counsel. "Review of counsel's performance must be highly deferential; tactical decisions amount to ineffective assistance only if so patently unreasonable that no competent attorney would have chosen them. *Howard v. State*, 220 Ga. App. 267, 271 (4) (469 SE2d 396) (1996)." (Punctuation omitted.) *Benefield v. State*, 231 Ga. App. 80 (497 SE2d 650) (1998).

Herndon failed to establish that any of the alleged deficiencies prejudiced the defense. "The second component of the *Strickland* test requires the defendant to show prejudice. Concerning the prejudice component, the Court in *Strickland* held that the defendant must show that there is a reasonable probability (i.e., a probability sufficient to undermine confidence in the outcome) that, but for counsel's

unprofessional errors, the result of the proceeding would have been different." (Punctuation omitted.) *Wilson v. State*, 199 Ga. App. 900, 902 (1) (406 SE2d 293) (1991). Herndon speculates that the combination of alleged errors generally prejudiced his defense. However, he has failed to demonstrate how the outcome of the trial would have been different but for those errors. Therefore, the trial court did not err in denying Herndon's motion for a new trial.

*Judgment affirmed. McMurray, P. J., and Eldridge, J., concur.*

DECIDED NOVEMBER 12, 1998.

*Virginia W. Tinkler*, for appellant.

*David McDade, District Attorney, William H. McClain, Assistant District Attorney*, for appellee.