A98A2399. DAVIS v. THE STATE.
(509 SE2d 655)

Judge Harold R. Banke.

After Charlie Henry Davis was convicted of aggravated sodomy, he received a life sentence. On appeal, he enumerates four errors.

This case arose while Davis, his brother, another male codefendant, and an unidentified woman and her two young children were driving around. Davis offered the victim, who was standing at an intersection, a ride. Because the victim knew Davis, she joined the group. After dropping the woman and her children off, the three men began whispering. Davis' brother then drove down a back country road and stopped, ostensibly for the men to relieve themselves. When the men returned, they cut the car off, locked the doors, and Davis began beating the victim's face. He insisted she submit to intercourse, began tearing her clothes off, and continued to strike her. The victim testified that the men raped and forced her to orally sodomize them, eventually continuing outside the car when it got too hot. After several hours, the victim escaped, running naked through woods and briars until she came to a house where she received assistance.

At trial, after a hearing pursuant to USCR 31.1, the State offered evidence of two similar transactions. In the first incident, a pending case involving rape and kidnapping charges, the victim testified that she agreed to go for a ride with Davis, whom she had known for five years. After they ran out of gas, the victim tried to seek help, but Davis struck her numerous times in the face, threw

her against a tree, dragged her away from the road, and raped her. In the second incident, Davis picked up the victim on the street, drove her to an isolated location, and beat her when she refused to have sex with him. Then he ripped her clothes off and raped her twice. Both similar transactions were offered to show Davis' plan or scheme, bent of mind, or motive. *Held*:

1. Davis maintains the trial court's exclusion of evidence of prior sexual activity between him and the victim requires reversal. We disagree.

The Rape Shield Statute bars the admission of evidence relating to the victim's past sexual behavior unless it directly involves the accused's participation and supports an inference that the accused could have reasonably believed that the victim consented to the conduct at issue. *Griffin v. State*, 224 Ga. App. 225, 227-228 (2) (480 SE2d 608) (1997); OCGA § 24-2-3 (b). The evidence may also be admitted on a finding that it "is so highly material that it will substantially support a conclusion that the accused reasonably believed that the complaining witness consented to the conduct complained of and that justice mandates the admission of such evidence." OCGA § 24-2-3 (c) (2); *Brown v. State*, 214 Ga. App. 676, 677 (2) (448 SE2d 723) (1994). We review the trial court's exclusion of the evidence for abuse of discretion. *Hicks v. State*, 222 Ga. App. 828, 829 (1) (476 SE2d 101) (1996).

During the pre-trial hearing on this matter, Davis testified that the victim volunteered to have sex with the male occupants of the car for $10. He claimed she had waved him down before and had sex with him for money or drugs on a "heap [of] occasions." The trial court concluded that Davis had no reason to believe the victim had consented to sex, even if she had done so previously as Davis alleged, inasmuch as she was beaten and had to run naked through the woods for help.

In light of the victim's testimony, the trail of clothing left near the crime scene, and the evidence of her injuries, we cannot say that Davis' claim to prior consensual sex with her substantially supports the conclusion that he reasonably believed she consented on the night of the offense. See *Logan v. State*, 212 Ga. App. 734, 737 (1) (c) (442 SE2d 883) (1994). Nor does justice mandate the admission of such testimony. Accordingly, we decline to find that the trial court abused its discretion.

2. Davis maintains that evidence of the two similar transactions was improperly admitted because their prejudice outweighed their probative value. Davis does not argue that the affirmative showings required under *Williams v. State*, 261 Ga. 640, 642 (2) (b) (409 SE2d 649) (1991), were not satisfied, contending instead that the State was required to show it had no other means to prove his plan, motive, or the victim's lack of consent.

We have found no authority supporting this contention. Furthermore, Davis' intent and bent of mind and the victim's consent were hotly contested issues which the similar transaction evidence illuminated. *Smith v. State*, 232 Ga. App. 290, 292-293 (1) (501 SE2d 523) (1998). No less inflammatory evidence was available to establish these facts. Id. at 293.

3. Davis maintains that the trial court's jury instructions on the similar transactions did not properly limit the purposes for which the evidence could be considered. Specifically, he asserts that by charging that the similar transaction evidence could be used to show the perpetrator's identity, a fact not in issue, the trial court confused the jury.

The record shows that Davis never filed a written request for such instructions and never objected to those given. These facts undermine this enumeration. *Dunbar v. State*, 228 Ga. App. 104, 110 (3) (491 SE2d 166) (1997).

Furthermore, the trial court's contemporaneous limiting instruction substantially tracked the Suggested Pattern Jury Instructions, Vol. II: Criminal Cases, p. 24 (2nd ed.). It charged that the evidence could be considered only to show the identity of the perpetrator, his state of mind, and his knowledge or intent. In the final charge, the court omitted knowledge and intent. Taken as a whole, the charge substantially presented the issues in a way unlikely to confuse the jury and was amply authorized by the evidence. *Callaway v. State*, 230 Ga. App. 369, 370 (2) (496 SE2d 349) (1998). Thus, we may not disturb the verdict on this ground. Id.; see *Parson v. State*, 229 Ga. App. 117, 118-119 (2) (493 SE2d 256) (1997).

4. Davis maintains that his sentence must be vacated because in imposing it the trial court considered the similar transactions. Because the law clearly permits sentencing courts to consider any evidence properly admitted during the guilt-innocence phase, we find no error. *McClain v. State*, 220 Ga. App. 474, 476 (3) (469 SE2d 756) (1996).

*Judgment affirmed. Johnson, P. J., and Smith, J., concur.*

DECIDED NOVEMBER 19, 1998.

*Hemmann & Hemmann, Paul E. Hemmann*, for appellant.
*Tommy K. Floyd, District Attorney, Mark S. Daniel, Assistant District Attorney*, for appellee.