## A99A0988. CHAMPION v. THE STATE.
### (517 SE2d 595)

JOHNSON, Chief Judge.

A jury found Michael Champion guilty of aggravated assault and possession of a firearm by a convicted felon. Champion appeals. We affirm.

Viewed in a light most favorable to support the jury's verdict, the evidence shows that on April 25, 1997, a car in which Champion was riding pulled up to the victim. Champion and the victim had been friends for years. Champion started arguing with the victim, who responded briefly and continued walking home. After following the victim for a distance, Champion got out of the car, argued more with the victim, and fired a gun at the victim. At the time, the victim had made no verbal threats, no aggressive gestures, and was unarmed.

Both the victim and an eyewitness identified Champion and gave consistent unimpeached versions of the events. The state presented other evidence, including Champion's prior conviction for reckless conduct and the investigating officer's testimony that Champion had committed a similar crime in 1993.

After Champion was convicted of aggravated assault, the jury heard testimony from another eyewitness that Champion pulled a gun and fired it at the victim. This testimony, coupled with evidence that Champion had previously been convicted of burglary and sodomy, formed the basis for Champion's conviction of possession of a firearm by a convicted felon.

1. Champion contends he received ineffective assistance of counsel because trial counsel: (1) failed to conduct interviews with him and other witnesses before trial; and (2) failed to file a written request for a *contemporaneous* limiting instruction on the similar transaction evidence. We disagree.

In order to establish ineffective assistance of trial counsel, Champion must show both that trial counsel's performance was deficient and that the deficient performance prejudiced the defense. *Herndon v. State*, 235 Ga. App. 258 (509 SE2d 142) (1998). There is a strong presumption that trial counsel's performance falls within the wide range of reasonable professional assistance and that any challenged action might be considered sound trial strategy. Id. at 258-259.

(a) The record shows that trial counsel conducted a one and one-half to two hour interview with Champion before trial. Thus, Cham-

pion's contention that counsel did not interview him is not supported by the record. In addition, the lawyer's investigator spoke with Champion and relayed information back to the lawyer. Champion has therefore failed to show harm from any alleged deficiency in the extent to which trial counsel interviewed him. See *Aleman v. State*, 227 Ga. App. 607, 611 (3) (a) (489 SE2d 867) (1997).

Champion also asserts that he was prejudiced because trial counsel did not search for and interview exculpatory witnesses. However, trial counsel testified at the motion for new trial hearing that Champion did not identify any exculpatory witnesses and trial counsel could not think of any exculpatory witnesses who might have been present. Moreover, Champion failed to make any showing of the substance of the testimony of any uncalled witnesses. Without such evidence, it is impossible for this court to conclude that any witnesses who were not called would have given testimony favorable to Champion and that the result of the proceedings would have been affected. *Goodwin v. Cruz-Padillo*, 265 Ga. 614, 615 (458 SE2d 623) (1995).

(b) Champion has not shown that trial counsel rendered ineffective assistance solely because he failed to request a contemporaneous limiting instruction to the jury regarding evidence of similar transactions. See *Smith v. State*, 270 Ga. 68, 70 (3) (508 SE2d 145) (1998); *Fuller v. State*, 235 Ga. App. 436 (509 SE2d 79) (1998). Decisions as to which charges will be requested and when they will be requested fall within the realm of trial tactics and strategy. They provide no grounds for reversal unless such tactical decisions are so patently unreasonable that no competent attorney would have chosen them. See *Herndon*, supra at 259.

It should be noted that in this case the jury was given a proper limiting instruction on the similar transaction evidence during the trial court's final instructions to the jury before the jury began its deliberations. This limiting instruction was nearly contemporaneous because the similar transaction testimony was the last testimony elicited at trial. Based on the circumstances of this case, including the fact that a limiting instruction regarding the similar transaction evidence was given during the trial court's general charge to the jury shortly after the evidence was introduced, Champion has failed to establish that, but for his trial counsel's failure to request a contemporaneous limiting instruction, the outcome of the trial would have been different. The trial court did not err in denying Champion's motion for a new trial on this ground. We feel compelled to note, however, that due to the very nature of similar transaction evidence and the great risk that this evidence can be misused by the jury, the better practice regarding instructions to the jury limiting their consideration of similar transaction evidence is to give the limiting instruction both immediately prior to the similar transaction testi-

mony and during the trial court's final instructions.

2. Champion contends that the trial court erred by allowing the state to present evidence of the contents of an arrest warrant to prove the similar transaction. This enumeration of error lacks merit.

According to Champion, the investigating officer's testimony at trial as to the contents of the arrest warrant constituted inadmissible hearsay. However, Champion fails to point to a specific place in the record where we can locate this purported hearsay. Our review of the record shows that, contrary to Champion's assertion, the officer did not testify as to the contents of the arrest warrant, but merely testified as to his investigation of the incident and the fact that he obtained an arrest warrant for Champion. A certified copy of Champion's conviction was tendered into evidence. There was no error.

*Judgment affirmed. Pope, P. J., and Eldridge, J., concur.*

DECIDED MAY 11, 1999.

*William P. Nash, Jr.*, for appellant.
*J. Gray Conger, District Attorney*, for appellee.