## A00A2276. MORGAN v. THE STATE.
(542 SE2d 644)

BLACKBURN, Presiding Judge.

Following a jury trial, Christopher Morgan appeals his convictions of aggravated assault and possession of a firearm during the commission of a crime. Morgan contends that he was afforded ineffective assistance due to his trial counsel's failure to subpoena certain witnesses who would have contradicted testimony of the State's witnesses. Morgan's convictions are affirmed because he has failed to make a proper proffer of the testimony of the uncalled witnesses and show how such testimony would have affected the outcome of his case.

During the hearing on Morgan's motion for new trial, Morgan testified that he told his trial counsel the name of a witness who would testify that the victim said that Morgan did not shoot him. Morgan testified that he made the statement to his trial counsel that, "You know, talk on the street — I know there is a lot of talk sometimes, but this, you know what I'm saying, you know, that — ain't no way in the world that it was me." Morgan testified about several other witnesses whose testimony would contradict the testimony of some of the State's witnesses. Morgan did not know these witnesses' names, but he described them in terms of their occupation and actions on the night of the crime. Morgan's trial counsel testified that Morgan did not discuss these witnesses with him while they were preparing for trial.

> In assessing the prejudicial effect of counsel's failure to call a witness whether that failure resulted from a tactical decision, negligent oversight, or otherwise, a defendant is required to make an affirmative showing that specifically demonstrates how counsel's failure would have affected the outcome of his case. The failure of trial counsel to employ evidence cannot be deemed to be prejudicial in the absence of a showing that such evidence would have been relevant and favorable to the defendant. Because [Morgan] failed to call the absent witness[es] at the hearing on his motion for new trial so as to substantiate [his counsel's assertions that the testimony would be material to Morgan's defense], it is impossible for [Morgan] to show there is a reasonable probability the results of the proceedings would have been different.

(Punctuation omitted.) *Letson v. State*,[1] quoting *Goodwin v. Cruz-*

---

[1] *Letson v. State*, 236 Ga. App. 340, 341-342 (2) (512 SE2d 55) (1999).

*Padillo.*[2]

In the present case, Morgan's only evidence consisted of his own testimony as to the unnamed witnesses' testimony. Additionally, Morgan testified as to the "word on the street" about the named witnesses' testimony. Without the proper proffer, "it is impossible for this [C]ourt to conclude that any witnesses who were not called would have given testimony favorable to [Morgan] and that the result of the proceedings would have been affected." *Champion v. State.*[3] Accordingly, ineffective assistance of counsel is not shown under these circumstances. See *Strickland v. Washington.*[4]

*Judgment affirmed. Eldridge and Barnes, JJ., concur.*

DECIDED NOVEMBER 22, 2000.

*Ellis R. Garnett,* for appellant.
*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney,* for appellee.

---

[2] *Goodwin v. Cruz-Padillo,* 265 Ga. 614, 615 (458 SE2d 623) (1995).
[3] *Champion v. State,* 238 Ga. App. 48, 49 (1) (a) (517 SE2d 595) (1999).
[4] *Strickland v. Washington,* 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).