A01A2509. JACKSON v. THE STATE.
A01A2524. McGINTY v. THE STATE.
(562 SE2d 847)

MILLER, Judge.

Kahbarious Jackson was convicted of various offenses arising out of his participation in a group sexual assault of a woman. Beyond the issues he waived below, he argues on appeal that he received ineffective assistance of counsel when his attorney failed to request lesser included offense charges and that the court unduly restricted his presentation of evidence concerning the victim's sexual history with Jackson. Since the decision as to which jury charges to request is tactical, and since the court allowed Jackson to present the testimony he proffered at the in-camera hearing, we discern no error and affirm his convictions. We also affirm the sodomy conviction of Der-

rick McGinty, whose contention that the court should have directed a verdict on the rape and aggravated sodomy charges against him is moot in light of his acquittal on those charges.

Construed in favor of the verdict, the evidence shows that Jackson and a co-hort, Larry Brown, confronted a woman on the street who they believed had failed to pay for cocaine received from Jackson. Despite her protests, Jackson grabbed her arm and forced her down some steps into an isolated area. When the woman denied receiving the cocaine and denied having money to pay, Brown threatened to kill her and Jackson pointed a knife at her within a foot of her face. While Jackson emptied her purse, Brown removed her clothes and fondled her breasts, vagina, and anus to search for the cocaine.

Finding no cocaine and no money, Jackson demanded oral sex from the woman, who vigorously protested. Holding the knife, Jackson forced her into an outdoor bricked area of the local community center and with the assistance of Brown forced her mouth onto Jackson's penis. Over the next two hours, the protesting woman was subjected to a series of brutal and often simultaneous sexual assaults, ranging from anal and vaginal intercourse to fellatio to belt-whippings on her buttocks and fire near her vagina, and involving Jackson, Brown, McGinty, and other men. A crowd including children gathered to watch the assaults, which eventually ended when the battered woman fainted and a neighbor came to her rescue.

Jackson, Brown, McGinty, and others were charged with rape and aggravated oral sodomy. Jackson and Brown were also charged with aggravated assault (brandishing the knife), kidnapping, false imprisonment, and possession of a knife during the commission of a felony. Brown was individually charged with aggravated sexual battery, sexual battery, aggravated anal sodomy, and aggravated assault (with a cigarette lighter and belt). At the joint trial, Jackson's counsel argued that the sex was all consensual as payment for cocaine. McGinty's attorney, admitting that McGinty received oral sex, also claimed it was consensual. The jury found Jackson guilty on all counts but acquitted McGinty on the rape and aggravated oral sodomy counts and found him guilty only of a lesser included charge of sodomy. Both moved for a new trial, which was denied. Jackson appeals in Case No. A01A2509, and McGinty appeals in Case No. A01A2524.

## Case No. A01A2509

1. Jackson first argues that he received ineffective assistance of counsel when his attorney failed to request jury charges on assault and battery (as a lesser included offense of rape) and terroristic

threats (as a lesser included offense of aggravated assault). To establish ineffective assistance of counsel, Jackson must show that his trial counsel's performance was deficient and that the deficiency prejudiced his defense.[1] "There is a strong presumption that trial counsel's performance falls within a wide range of reasonable professional assistance and that any challenged action might be considered sound trial strategy."[2]

Although Jackson's trial counsel testified at the motion for new trial hearing, Jackson's appellate counsel did not ask him about his reasoning for not requesting the specified lesser charges. The testimony revealed that trial counsel carefully reviewed and adopted the charges proposed by co-defendant's counsel. Thus, we follow the legal doctrine that "[d]ecisions as to which charges will be requested and when they will be requested fall within the realm of trial tactics and strategy. They provide no grounds for reversal unless such tactical decisions are so patently unreasonable that no competent attorney would have chosen them."[3] Not only has Jackson failed to show that his trial counsel's decision not to request such charges was patently unreasonable, but such charges would have been inconsistent with Jackson's defense theory that the actions were all consensual.[4] The trial court did not clearly err in finding that Jackson failed to demonstrate that his trial counsel's performance was deficient.[5]

2. Jackson argues that the trial court erred in granting the State's motion in limine based on the Rape Shield Statute[6] and in limiting the evidence he could present showing that he and the victim had a prior relationship in which they exchanged sex for drugs. Specifically, he claims that the court "prohibited appellant Jackson from offering any evidence other than his own testimony of the prior relationship between appellant and the prosecutrix."

The record, however, reflects otherwise. The court did not prohibit Jackson from offering other evidence of his relationship with the victim; rather, Jackson's own actions limited his presentation. The court simply followed the procedure set forth in OCGA § 24-2-3

---

[1] *Strickland v. Washington,* 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

[2] (Citation omitted.) *Champion v. State,* 238 Ga. App. 48 (1) (517 SE2d 595) (1999).

[3] (Citation omitted.) Id. at 49 (1) (b); see *Fambro v. State,* 164 Ga. App. 359 (3) (297 SE2d 111) (1982) (decision on whether to seek jury charges on lesser offenses is a trial tactic that will not be second-guessed).

[4] Compare *Pearson v. State,* 216 Ga. App. 333, 334-335 (454 SE2d 205) (1995) (where defendant's sole defense to armed robbery charge was that he did not have a weapon, trial counsel's failure to request lesser charge of robbery by intimidation was deficient performance).

[5] See *Johnson v. State,* 251 Ga. App. 455, 457 (2) (554 SE2d 587) (2001) ("We will not disturb a trial court's finding of effective assistance of counsel unless clearly erroneous. [Cit.]").

[6] OCGA § 24-2-3.

(c) as to what must first take place before the defendant is allowed to introduce evidence of past sexual behavior between the defendant and the victim. After the defense notifies the court of an intent to introduce such evidence, the court conducts an in-camera hearing to examine that evidence.[7] If the court finds that the past sexual behavior directly involved the participation of the defendant and further finds that the evidence supports an inference that the defendant could have reasonably believed that the victim consented to the conduct at issue in the trial, then the court specifies what evidence may be introduced and how it may be introduced.[8]

Here Jackson proffered only his testimony at the in-camera hearing. Not only did he not proffer testimony from others, but when the State observed that Jackson had no independent witnesses to the sexual relationship, Jackson agreed, testifying that no one else knew about his sexual relationship with the victim. Based on Jackson's proffer, the court ruled his testimony was admissible. The court expressly left open the door to allow any party during the trial to request another in-camera hearing to elicit additional testimony if that party wanted to have anyone else testify to prior sexual conduct of the victim. During the trial, the court twice more reminded the parties of this opportunity. Although Jackson stated during trial that he had other witnesses to testify that the victim gave sex for drugs, Jackson never requested another in-camera hearing nor proffered the testimony of these witnesses, and he never showed that these witnesses could testify about his personal sexual relationship with the victim.[9]

We review the trial court's exclusion of evidence under the Rape Shield Statute for abuse of discretion.[10] Since only Jackson testified at the in-camera hearing, the court did not abuse its discretion in ruling that only Jackson's testimony was admissible.

3. Jackson contends that the trial court erred in instructing the jury on both oral and anal aggravated sodomy, even though Jackson was charged only with oral aggravated sodomy. Evidence showed that Jackson forced the victim to engage in both forms of sodomy with him. Where the indictment charges that the defendant committed the offense by one method while the court instructs the jury that the offense could be committed by either of the statutory methods

---

[7] OCGA § 24-2-3 (c) (1).

[8] OCGA § 24-2-3 (b), (c) (2).

[9] See *Nelson v. State*, 210 Ga. App. 249, 250 (3) (435 SE2d 750) (1993) (physical precedent only) (burden on the defendant to request in-camera hearing and to proffer testimony).

[10] *Davis v. State*, 235 Ga. App. 362, 363 (1) (509 SE2d 655) (1998).

with no limiting instruction, and where there is evidence showing both methods, then there is reversible error.[11]

Nevertheless, Jackson induced and then waived this error. Jackson adopted the jury charges proposed by his co-defendants, which included a charge defining the offense of sodomy as either anal or oral. The court gave the instruction as requested. "A defendant cannot complain of a verdict which was brought about by a charge which he had requested."[12]

During deliberations, the court twice more instructed the jury, at the jury's request, on the same requested charge. Regarding the first reinstruction, Jackson agreed that the jury should be so charged again and raised no objection when the court asked for any exceptions to the recharge. Following the second reinstruction, Jackson's counsel expressly stated that he had no exceptions. Any error was waived.[13]

4. Citing OCGA § 16-1-7, Jackson argues that the court failed to merge the aggravated assault count into either the rape or kidnapping counts at sentencing. "It was incumbent upon [Jackson] to make objection at sentencing or to make a proper motion at sentencing if sentenced in violation of OCGA § 16-1-7."[14] Jackson has not provided us with a transcript of his sentencing hearing nor made any showing that he raised the merger issue or objected to the sentences imposed at the time of sentencing.[15] Jackson's raising of the issue in his amended motion for new trial is too late, for as held in *Williams v. State*, "errors which raise issues for the first time in a motion for new trial or on appeal present nothing for review."[16]

We note that a decision of this Court held otherwise. Citing *Williams v. State*,[17] *Cannon v. State*[18] concluded that the defendant preserved his merger issue "by raising it in his amended motion for new trial." Of course, as set forth above, *Williams*, quoting from *Alonso v. State*,[19] held to the contrary, stating that issues raised " 'for the first time in a motion for new trial . . . present nothing for review.' "[20]

---

[11] See *Dukes v. State*, 265 Ga. 422, 423-424 (457 SE2d 556) (1995).

[12] (Citation and punctuation omitted.) *Taylor v. State*, 195 Ga. App. 314, 316 (4) (393 SE2d 690) (1990).

[13] *Price v. State*, 237 Ga. App. 54, 55-56 (2) (513 SE2d 40) (1999); see *Reynolds v. State*, 231 Ga. App. 33, 37 (5) (497 SE2d 580) (1998).

[14] (Citation omitted.) *Williams v. State*, 233 Ga. App. 217, 220 (4) (504 SE2d 53) (1998).

[15] See id. at 221 (4).

[16] (Citations and punctuation omitted.) Id., quoting *Alonso v. State*, 190 Ga. App. 26, 30 (7) (378 SE2d 354) (1989) (merger issue raised for the first time in an amended motion for new trial is too late).

[17] Supra, 233 Ga. App. at 220-221 (4).

[18] 250 Ga. App. 777, 782 (3) (552 SE2d 922) (2001).

[19] Supra, 190 Ga. App. at 30 (7).

[20] Supra, 233 Ga. App. at 221 (4).

Indeed, in *Alonso* the defendant raised the merger issue for the first time in his amended motion for new trial, which issue *Alonso* refused to consider on the merits on the ground that the issue was untimely raised and therefore not preserved for review.[21] Thus, the authority cited in *Cannon* does not support the holding of the case. Accordingly, notwithstanding the fact that *Cannon* is such a recent case, we are constrained, for consistency purposes, to overrule *Cannon* to the extent it holds that a defendant may first raise the issue of merger in a motion for new trial.

The dissent's position that the merger question is nonwaivable is based on the premise that Jackson's sentence was void. However, as explained in *Noble v. State*,[22] cited by the dissent, void sentences refer to those imposing punishment that the law does not allow. That is not the case here. Indeed, *Noble* specifically cites the circumstance here — "imposition of consecutive sentences for two crimes when one was allegedly a lesser included offense of the other" — as a waivable objection.[23]

## Case No. A01A2524

5. In his appeal, McGinty first contends that the court erred in failing to grant him a directed verdict of acquittal on the rape and aggravated sodomy charges brought against him. The acquittal of McGinty on these offenses renders moot any complaint about the failure to direct a verdict on them.[24]

6. McGinty next complains that the court erred in not instructing the jury on public indecency as a lesser included charge of rape and aggravated sodomy. Once again, McGinty's acquittal on the greater charges renders his complaint moot. Indeed, McGinty was convicted only of sodomy, an offense to which he freely admitted. Even if we were to construe McGinty's argument as suggesting public indecency was a lesser included charge of sodomy, and even if we were to accept this premise, "the uncontradicted evidence showed completion of the greater offense; therefore, charges on the lesser offense[ ] are not required."[25]

*Judgments affirmed. Blackburn, C. J., Pope, P. J., Andrews, P. J., Johnson, P. J., Smith, P. J., Ruffin, Barnes, Ellington and Mikell, JJ., concur. Eldridge and Phipps, JJ., concur in Divisions 1, 2 and 3 and*

---

[21] Supra, 190 Ga. App. at 30 (7).

[22] 220 Ga. App. 155, 158 (2) (469 SE2d 307) (1996).

[23] Id. at 159.

[24] *Matthews v. State*, 268 Ga. 798, 803 (5) (493 SE2d 136) (1997); see *Harridge v. State*, 243 Ga. App. 658, 663 (4) (534 SE2d 113) (2000).

[25] (Citations omitted.) *Morton v. State*, 168 Ga. App. 18, 20 (5) (308 SE2d 41) (1983); see *Mackler v. State*, 164 Ga. App. 874, 876 (4) (298 SE2d 589) (1982).

*dissent in Division 4 as to Case No. A01A2509 and concur in Divisions 5 and 6 as to Case No. A01A2524.*

ELDRIDGE, Judge, dissenting.

Because a merger issue under OCGA § 16-1-7 involves the possible imposition of a void sentence which may be reviewed at any time, I must respectfully dissent from Division 4 in Case No. A01A2509.

As held in *Kinney v. State*, 234 Ga. App. 5, 7 (2) (505 SE2d 553) (1998), one crime is included in another as a matter of fact if it is established by proof of the same or less than all of the facts used to prove the other. OCGA § 16-1-6 (1). A defendant may be tried for both offenses under such circumstances, but may not be convicted of both. OCGA § 16-1-7 (a) (1).[26] "This right to be free of multiple convictions for the same conduct has been referred to as the substantive bar against double jeopardy, and it is not waived either by the defendant's entry of a guilty plea or by his failure to assert it in the trial court."[27]

Accordingly, a trial court is without subject matter jurisdiction to sentence on an offense that has merged into another offense as a matter of law and/or fact. Such a sentence would be a mere nullity because the conviction on a merged offense is against the law. An appeal may be taken from such a void sentence, even if no objection was made in the court below, because "a void sentence is one which imposes punishment the law does not allow. [Cits.]"[28] "A judgment which is void for any cause is a mere nullity and it may be so held in any court where it becomes material to the interest of the parties to consider it."[29]

Accordingly, I cannot agree that Jackson, by failure to object at the time of sentencing, waived consideration of his claim that the aggravated assault count merged into either the rape or kidnapping counts pursuant to OCGA § 16-1-7. It is important to note that the Supreme Court of Georgia has granted certiorari on this issue in *Curtis v. State*, Case No. S01G1868, cert. granted February 13, 2002. Before we overrule another one of our precedents — again leaving bench and bar bewildered by inconsistency — I would address the instant claim of error, if for no other reason than such issue was pre-

---

[26] See generally *State v. Estevez*, 232 Ga. 316, 317 (1) (206 SE2d 475) (1974).

[27] *Redding v. State*, 188 Ga. App. 805 (374 SE2d 339) (1988); *Blackledge v. Perry*, 417 U. S. 21 (94 SC 2098, 40 LE2d 628) (1974); *McClure v. State*, 179 Ga. App. 245 (345 SE2d 922) (1986).

[28] *Noble v. State*, 220 Ga. App. 155, 158 (469 SE2d 307) (1996). See also *State v. Baldwin*, 167 Ga. App. 737, 738 (2) (307 SE2d 679) (1983); *Jarrett v. State*, 217 Ga. App. 627, 628 (1) (458 SE2d 414) (1995).

[29] (Citation omitted.) *State v. Sheahan*, 217 Ga. App. 26, 27 (1) (456 SE2d 615) (1995).

served below at the motion for new trial. *Cannon v. State*, 250 Ga. App. 777, 782 (3) (552 SE2d 922) (2001), citing *Williams v. State*, 233 Ga. App. 217, 220 (4) (504 SE2d 53) (1998) ("There is no evidence in the record that Williams raised the merger issue or objected to the sentences imposed at the time of sentencing *or in his motion for new trial.*") (emphasis supplied).

I am authorized to state that Judge Phipps joins in this dissent.

DECIDED MARCH 28, 2002 — 

*David D. Bishop*, for appellant (case no. A01A2509).
*Dell Jackson*, for appellant (case no. A01A2524).
*Paul L. Howard, Jr., District Attorney, Alvera A. Wheeler, Assistant District Attorney*, for appellee.