72894, 72895. THOMAS v. THE STATE (two cases).
(350 SE2d 253)

BIRDSONG, Presiding Judge.

These are appeals from two convictions for simple battery, committed by appellant in striking a child and an employee in the day-care center he operated. *Held*:

1. Appellant urges error in Case No. 72894 upon the trial court's jury charge as being "coercive," because the trial court in advance of trial, at length thanked the jury for its service, told the jury to avoid premature and fixed opinions and that its verdict, whatever it would be, must be unanimous and consistent with the oath taken as jurors. Appellant cites *Campbell v. State*, 81 Ga. App. 834 (60 SE2d 169) and *Driver v. State*, 155 Ga. App. 726 (272 SE2d 580). The charge in this case bears no similarity to the faulty charges in those cases. The charge complained of here was clearly phrased without any implied preference for either side and neutral in all respects. We are unable to see how, either in part or as a whole, it possibly might have "coerced" the jury into returning the guilty verdict. Nor did the charge harm the appellant by constituting "a comprehensive below-conscious-level appeal to the individual juror to subserve the trial court's interest in efficiency," or by violating the appellant's due process rights by "successfully portray[ing] judicial economy as a factor in the jury's deliberations."

2. Appellant contends further in both cases, the trial court erred in giving jury instructions as to circumstantial evidence "which effectively lessened the standard of weight of evidence to less than a reasonable doubt." Appellant contends his defense raised the issue of a "conspiracy" by some of the State's witnesses to "tailor" their testimony, which object could be established by an "inference as a deduction from acts and conduct" or "reasonable inferences and circumstantial evidence." The trial court expressed to the jury the difference

between direct evidence and circumstantial evidence by saying that, in proving that it snowed last night, direct evidence would be such as where they saw the snow fall last night, while circumstantial evidence would be where there was no snow on the ground when they retired but there was snow on the ground when they awoke. Appellant contends through speculation that "the snow analogy defines the quantum of evidence needed to sustain the hypothesis claimed," by indicating that if the jurors saw it snow the proof was 100%, but if they only saw the snow lying on the ground, the proof was .999%; or near certainty. "Thus the snowfall analogy instructs the jury that circumstantial evidence must sustain the hypothesis claimed to a near certainty," whereas the circumstantial evidence that the State's witnesses conspired to incriminate appellant was considerably less than "a near certainty."

We find the trial court's snow analogy could aid the jury in distinguishing direct from circumstantial evidence but did not imply to the jury that the proof of conspiracy of State's witnesses which was offered by circumstantial evidence would have to be as much a "near certainty" as the observation of snow lying on the ground proved that it had snowed.

3. Appellant contends as to both cases that the trial court erred in charging that every person is presumed innocent, "which a reasonable juror could understand as applying to certain State's witnesses and the acts of each." This is the equivalence of the charge that the jury must not presume perjury by any witness. If the trial court's presumption of innocence charge implied that the State's witnesses were presumed innocent of any conspiracy to falsely incriminate the appellant, we nevertheless cannot see how this "denied [appellant] the right to . . . induce reasonable doubt" as to his own innocence. Appellant surely cannot be suggesting that the State's witnesses should have been presumed guilty of a conspiracy to incriminate appellant falsely. The State's obligation to prove appellant's guilt beyond a reasonable doubt does not include a further, overwhelming burden to overcome a presumption of criminality or untruthfulness of its witnesses. Appellant is not allowed such a presumption as a way of "inducing a reasonable doubt."

4. Appellant urges harmful error in Case No. 72894 on the trial court's failure to strike from the record the prosecutor's personal opinion stated in a question: "[Was] Ms. Grissom . . . the lady who came in the first day[?] . . . she seemed to me to be quite [a] forthright and honest person." Appellant objected and moved this be stricken; the trial court admonished the prosecutor in the jury's presence. " 'The extent of a rebuke and instruction is within the discretion of the court, and when . . . the improper remarks are cured by timely corrective action calculated to preserve the defendant's right

to a fair trial, then we cannot say that the court abused its discretion. . . .' [Cit.]" *Horah v. State*, 173 Ga. App. 306, 309 (325 SE2d 917). See also *Meaux v. State*, 176 Ga. App. 345 (2) (335 SE2d 741). Moreover, appellant acquiesced in the trial court's corrective action, and failed to insist upon error and require further curative action by having the comment stricken. "[A] litigant cannot submit to a ruling, acquiesce in the ruling, and still complain of same. He is required to stand his ground and fight in order to successfully enumerate as error an erroneous ruling by the trial judge. Acquiescence completely deprives him of the right to complain further; he has agreed that the trial court's ruling was correct by submitting to it. [Cits.]" *Ewing v. Johnston*, 175 Ga. App. 760, 765-766 (334 SE2d 703). What is more, acquiescence in the trial court's curative action and the failure to insist upon the error and fight it completely deprives the trial court of the necessity and opportunity to take further corrective action and satisfy the objector; so to that extent the error is waived.

*Judgments affirmed. Banke, C. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 26, 1986 —
REHEARING DENIED OCTOBER 28, 1986 

*Billy L. Spruell*, for appellant.
*James L. Webb, Solicitor, Christine E. Bryce, Assistant Solicitor*, for appellee.