A95A1979. CORNISH v. THE STATE.
(466 SE2d 919)

McMURRAY, Presiding Judge.

Thelbert Bernard Cornish was convicted of two counts of robbery in violation of OCGA § 16-8-40. He enumerates three errors.

The evidence at trial revealed the following: Patricia Lewis, a bank customer, testified that she saw a black man enter the bank. After he bent down and placed a mask on his face, he jumped over the counter and removed money from several tellers' drawers. He put the money in a black bag and left, removing his mask as he exited.

After the robbery, Lewis left town for several days. While she was unloading her car upon her return, she saw the same man in her apartment parking lot. She stated that after he saw her, he quickly returned to his apartment and she subsequently observed him looking out from behind a curtain. After several weeks, Lewis reported this information to the bank. She identified Cornish's photograph from a photographic lineup and testified she was almost 100 percent certain of the identification. She also identified Cornish in court.

Cameras in the bank captured the robbery on videotape. In addition, five other witnesses testified that they too observed at least a portion of the events which culminated in the bank robbery.

Shewanne Spivey, another customer, testified that she noticed the robber as he entered the bank, put on the mask, and leaped over the counter. As the robber emptied the cash drawers, she ran out of the bank with her small child and jumped into the back seat of a car near the door in which two of her acquaintances from high school

were sitting. Spivey observed the robber leave the bank and remove the mask. She subsequently identified Cornish from a photographic lineup and in court and testified that she was "very positive" about the identification. The men sitting in the front seat of this car, Carlos Durden and John Hensle, also identified Cornish as the robber from a photographic lineup. Hensle worked at the same apartment complex where Lewis had seen Cornish. He testified that he had seen Cornish there before the robbery.

Melinda Bowen, an employee at the dry cleaners next door to the bank, testified that she noticed Cornish sitting in his car for ten to twenty minutes before the robbery. She also noticed him returning to his car because the day was very hot and he was wearing gloves and carrying a satchel.

After Cornish's arrest, police officers executing a search warrant retrieved gloves and a black satchel from Cornish's home. These were subsequently admitted into evidence at trial. *Held*:

1. Cornish argues that the trial court erred in refusing to charge the jury on circumstantial evidence.

The Supreme Court has established a bright-line rule regarding a trial court's duty to instruct a jury on circumstantial evidence. *Mims v. State*, 264 Ga. 271 (443 SE2d 845) (1994). "[W]here the state's case depends, in whole or in part, on circumstantial evidence, a charge on the law of circumstantial evidence must be given on request." *Robinson v. State*, 261 Ga. 698, 699 (410 SE2d 116) (1991). See *Yarn v. State*, 215 Ga. App. 883, 886 (4) (452 SE2d 537) (1994), aff'd 265 Ga. 787 (462 SE2d 359) (1995). Thus, we find the trial court erred in refusing to charge the jury on circumstantial evidence.

However, the overwhelming direct evidence of guilt renders that error harmless. Two witnesses, Lewis and Spivey, actually saw Cornish rob the bank and subsequently identified him as the robber in photographic lineups and in court. Both expressed certainty about their identifications. This " 'evidence and all reasonable deductions therefrom were completely inconsistent with a reasonable hypothesis of innocence. To reverse (this conviction) would be a perversion of justice. (Cits.)' [Cit.]" *Ellerbee v. State*, 215 Ga. App. 102, 104 (4) (449 SE2d 874) (1994).

2. Cornish argues that the trial court impermissibly placed his character into evidence by allowing the photographic lineup into the jury room during deliberations without any accompanying curative instructions. He maintains the photographs were obviously from previous arrests.

A defendant's photograph bearing notations which indicate a prior arrest are the visual equivalent of oral testimony establishing a previous arrest; thus, the introduction of such a photograph impermissibly places the defendant's character into evidence. *Roundtree v.*

*State*, 181 Ga. App. 594 (353 SE2d 88) (1987). However, a mere reference to the fact that the defendant's photograph was already in police records does not place the defendant's character in issue. *Harris v. State*, 191 Ga. App. 399 (381 SE2d 602) (1989).

In the case sub judice, numbered front and side shots of six individuals were admitted into evidence. Each set was arrayed over what appears to be an empty white box, which completely blocks any information, words, or numbers under the photographs. It follows that this evidence, which provides no information about the dates of any prior arrests, is the visual equivalent of an oral reference to the fact that the defendant's photograph was already in police records and does not place the defendant's character in issue. *Harris v. State*, supra, 191 Ga. App. at 399.

Moreover, at trial, defense counsel never requested curative instructions or a mistrial when the issue was raised during the discussion about the evidence which would go to the jury room. Counsel simply expressed concern about the visibility of numbers beneath the photographs in the photographic lineup and suggested that another layer of paper would cover them. By failing to move for a mistrial or request an instruction, defendant failed to preserve the issue. *Morrill v. State*, 216 Ga. App. 468, 474 (9) (454 SE2d 796) (1995); *Tuggle v. State*, 211 Ga. App. 854, 855 (2) (440 SE2d 740) (1994).

3. Cornish argues that he received ineffective assistance because his counsel (a) knew the bag and gloves brought into court were not those held in evidence in the property room and testified to that fact at trial without withdrawing or objecting to their admission; (b) failed to impeach Durden with a statement he purportedly made to Cornish while both were jailed prior to trial that Cornish looked nothing like the robber; (c) failed to call character witnesses; (d) failed to establish that the photograph in the photographic lineup was five years old and Cornish's appearance had changed since then; and (e) talked Cornish out of testifying on his own behalf.[1]

Cornish has the burden of establishing that his trial defense counsel's performance was deficient and the deficient performance prejudiced his defense to the extent that there was a reasonable probability the result of his trial would have been different but for his defense counsel's unprofessional deficiencies. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984); *Brown v. State*, 257 Ga. 277, 278 (357 SE2d 590) (1987). Review of counsel's performance, however, must be highly deferential; strategic decisions amount to ineffective assistance only if so patently unreasonable that

---

[1] Cornish acquired new representation on appeal. See *Ponder v. State*, 260 Ga. 840 (1) (400 SE2d 922) (1991).

no competent attorney would have chosen them. *Rogers v. State,* 195 Ga. App. 446, 447 (394 SE2d 116) (1990); *Kelly v. United States,* 820 F2d 1173, 1176 (11th Cir. 1987), cert. denied, 484 U. S. 966 (108 SC 458, 98 LE2d 398) (1987). Both components of an ineffective assistance of counsel claim need not be addressed if an insufficient showing is made on one of them. *Thompson v. State,* 191 Ga. App. 906 (1) (383 SE2d 339) (1989). For the following reasons, we find that trial counsel's assistance was not ineffective.

(a) The record shows that while the jury was deliberating, defense counsel placed his suspicions into the record that the gloves and bag admitted into evidence were not the same as those he observed in the evidence room when he was first retained. After examining the record and transcript in their totality, we find there exists no reasonable probability that had this evidence been objected to or presented to the jury, the outcome would have been different. In particular, we note that five witnesses identified Cornish as the bank robber. Moreover, at the hearing on the motion for new trial, Cornish's trial counsel testified that he did not raise the issue before the jury because directly confronting the lead investigator's credibility creates problems. Thus, counsel's decision was strategic.

(b) In light of the overwhelming evidence of guilt, even if trial counsel committed error by failing to cross-examine Durden about his alleged jailhouse statement that Cornish was not the man he saw, it was not prejudicial because Lewis and Spivey both testified that they actually saw Cornish rob the bank. Further, the decision to impeach Durden would have required Cornish to testify, a strategy trial counsel rejected.

(c) Nor has Cornish established that trial counsel's failure to call character witnesses affected the trial's outcome. Cornish has proffered no evidence of the testimony of such witnesses. Substantially all of the testimony presented by potential character witnesses in mitigation at sentencing was limited to Cornish's relationship with his family and would have been inadmissible. *Boyce v. State,* 258 Ga. 171, 172 (1) (366 SE2d 684) (1988) (character evidence limited to defendant's reputation in the community). Trial counsel made the strategic decision not to call the character witnesses at trial because they were present in Cornish's home when the warrant was executed and were apprehensive about testifying.

(d) Cornish failed to establish that trial counsel's failure to inform the jury that the lineup photographs used to identify him were over five years old prejudiced his defense sufficiently to undermine the verdict. The only difference between Cornish's appearance at trial and the identification photograph apparent in the record is that the photograph showed Cornish without a beard and he had a beard at trial.

Cornish asserts that the failure to invoke the rule of sequestration at the preliminary hearing tainted all identifications made then and thereafter. He did not include this issue in his enumerations of error and offers no argument or legal authority in its support. Therefore, we deem the issue abandoned. Court of Appeals Rule 27 (c) (2); see *Weathers v. State*, 202 Ga. App. 849, 851-852 (1) (415 SE2d 690) (1992).

(e) Cornish failed to establish prejudice arising from trial counsel's strategic decision not to call Cornish as a witness. The record shows that Cornish wanted to testify, but his counsel advised against it to avoid directly attacking the lead investigator's credibility and, ultimately, Cornish agreed not to testify. Having reviewed the transcript of the trial and motion for new trial, we find that Cornish's testimony would not have been outcome-determinative and counsel's decision amounted to a reasonable trial strategy. See *Allen v. State*, 199 Ga. App. 365, 367 (6) (405 SE2d 94) (1991).

*Judgment affirmed. Andrews and Blackburn, JJ., concur.*

DECIDED JANUARY 22, 1996.

*Duana R. Sanson*, for appellant.

*J. Tom Morgan, District Attorney, Barbara B. Conroy, J. Michael McDaniel, Assistant District Attorneys*, for appellee.