## A96A2099. BOLDEN v. THE STATE.
### (480 SE2d 395)

JOHNSON, Judge.

A jury found Morris Bolden, Jr. guilty of six counts of sale of cocaine. He appeals from his convictions and the denial of his extraordinary motion for new trial.

1. Bolden contends that the trial court erred in denying his motion for mistrial after a witness for the state improperly placed his character into evidence. During his direct examination of Agent Steven Brady of the Bureau of Alcohol, Tobacco & Firearms ("ATF"), the prosecutor asked Brady if he had ever seen any pictures of Bolden before the date of the first undercover drug buy. When Brady responded that he had a photograph of Bolden, the prosecutor asked who gave it to him. Brady answered that the picture was supplied by the sheriff's department. Bolden immediately moved for a mistrial, which the trial court denied. The court then gave curative instructions to the jury.

This enumeration presents no grounds for reversal. "[A] mere reference to the fact that the defendant's photograph was already in police records does not place the defendant's character in issue. [Cit.]" *Cornish v. State*, 219 Ga. App. 884, 886 (2) (466 SE2d 919) (1996). Furthermore, any objection to the testimony was waived when defense counsel consented to the trial court's offer to give the curative instruction. See *Thomas v. State*, 180 Ga. App. 685, 687 (4) (350 SE2d 253) (1986).

2. Bolden complains that he was denied effective assistance of counsel. "To prevail on a claim of inadequacy of counsel, appellant must show counsel's performance was deficient and the deficient performance prejudiced the defense. There is a strong presumption that trial counsel's performance falls within the wide range of reasonable professional assistance, and that any challenged action by trial counsel might be considered sound trial strategy." (Citations and punctuation omitted.) *Maner v. State*, 221 Ga. App. 826, 828 (1) (b) (472 SE2d 716) (1996).

(a) Bolden claims that trial counsel was ineffective because he failed to move for a mistrial when ATF Agent Stephen Bisnett

injected his character into evidence. On direct examination, Agent Bisnett testified that law enforcement agencies had "targeted local violators" for their undercover operations. On cross-examination, defense counsel asked Bisnett to explain what he meant by "targeting someone." Bisnett responded: "When we look at what I consider a potential target, typically the person that we're looking at . . . has got to be a convicted felon, and he has to either be carrying or using a firearm during the commission of a drug-trafficking crime, or he qualifies as what the federal government considers an armed career criminal." It is questionable whether this testimony could reasonably be construed as having placed Bolden's character in issue, inasmuch as Bisnett stated only that *typically* the person targeted had these characteristics, not that Bolden himself possessed them. Moreover, Bisnett's statement was in direct response to defense counsel's question. "[D]efense counsel will not be heard to object to the answer, no matter how prejudicial it may be, if the answer is a direct and pertinent response to [his own] question." (Citation and punctuation omitted.) *Williams v. State*, 214 Ga. App. 834, 836 (2) (449 SE2d 532) (1994). Nor may he demand a mistrial based on such an answer. *Martin v. State*, 193 Ga. App. 581, 584 (2) (388 SE2d 420) (1989). Because a motion for mistrial would have been to no avail, counsel's failure to make such a motion does not constitute deficient performance. See generally *Tenant v. State*, 218 Ga. App. 620, 623 (2) (d) (462 SE2d 783) (1995).

(b) Bolden also alleges that counsel's failure to interview him or his witnesses before trial amounted to ineffective assistance. Trial counsel testified at the hearing on the motion for new trial that he attempted on several occasions to speak with Bolden but that generally Bolden refused to talk to him about anything other than getting bond set, and once refused to speak to him at all when he came to the jail. Counsel also testified that he did discuss the case with Bolden's witnesses, although he concluded after doing so that they could provide no exculpatory testimony. We find no deficiency or prejudice with regard to counsel's pre-trial interviews.

(c) In a related argument, Bolden cites as evidence of ineffectiveness counsel's failure to prepare him for testifying on his own behalf. However, Bolden cannot refuse to cooperate with his attorney and then claim that counsel failed to adequately prepare him as a witness. See generally *Rivers v. State*, 250 Ga. 303, 308 (6) (298 SE2d 1) (1982). Indeed, "[w]hat appears of record is that defendant's appointed counsel [was] apparently denied the effective assistance of defendant, who refused to communicate or cooperate with [him]. . . ." *Wehunt v. State*, 168 Ga. App. 353, 356 (4) (309 SE2d 143) (1983).

(d) Defense counsel was not ineffective for not moving to reveal

the identity of the confidential informant who accompanied the agents in the undercover operation. At the hearing on the motion for new trial, counsel stated that he knew the identity of the confidential informant. Under these circumstances, there was no need to file a motion. The trial court did not err in finding that Bolden was not denied his right to effective assistance of counsel. See *Ruffin v. State*, 201 Ga. App. 792, 794 (2) (b) (412 SE2d 850) (1991).

*Judgment affirmed. McMurray, P. J., and Ruffin, J., concur.*

DECIDED JANUARY 29, 1997.

*Jeffrey S. Parker*, for appellant.

*Richard E. Currie, District Attorney, Alexander J. Markowich, Assistant District Attorney*, for appellee.