A99A1731. MACK v. THE STATE.
(529 SE2d 393)

MILLER, Judge.

Convicted of robbery by force, David Mack appeals on general grounds. He also contends that he was denied effective assistance of counsel. We affirm.

1. Mack argues that the evidence was insufficient to sustain the conviction for robbery by force because there was no testimony that he struck the victim or that the victim was injured. He concludes that at most the evidence supported a conviction of theft by taking.

OCGA § 16-8-40 (a) (1) provides that a person commits robbery when, with intent to commit theft, he takes the property of another from the person or the immediate presence of another by use of force. The victim testified that Mack came into her bedroom, pushed her down onto the bed, and forcibly took money from inside her dress. But Mack testified that he took the money from a chair in the living room and that at no time did he follow her into the bedroom or use any force against her.

The credibility of witnesses and the weight to be given their testimony are questions for the trier of fact, and it is not for us to deter-

mine or question how the jury resolved any conflicts in the evidence.[1] Under the standard of *Jackson v. Virginia*,[2] the victim's testimony was sufficient evidence of force for a rational trier of fact to find Mack guilty beyond a reasonable doubt.[3]

2. Mack contends that his trial counsel rendered ineffective assistance by (1) failing to visit him and discuss his defenses, (2) failing to move for a judgment of acquittal, (3) failing to interview the State's witnesses, (4) failing to cross-examine three of the State's witnesses, and (5) failing to call the victim's nephew as a witness.

*Strickland v. Washington*[4] sets forth the standard for determining whether trial counsel's performance was so deficient that Mack was denied effective assistance under the Sixth Amendment. Mack must show that (1) counsel's performance was deficient and (2) this deficiency so prejudiced his defense that a reasonable probability exists that the trial's result would have been different but for that deficiency.[5] "The trial court's determination that an accused has not been denied effective assistance of counsel will be affirmed on appeal unless that determination is clearly erroneous."[6]

(a) At the hearing on the motion for new trial, trial counsel testified that he met with Mack on three occasions prior to trial and even scheduled committal and probable cause hearings. Trial counsel also testified that the facts of Mack's case were not complicated. Because "each situation must be judged upon its own circumstances and in light of its own degree of complexity,"[7] counsel's representation was not deficient merely because of the number of visits with Mack prior to trial.[8] Further, contrary to Mack's assertion, trial counsel testified that he discussed with Mack his only defense and his testimony. Based on this evidence, the trial court was authorized to conclude that Mack failed to establish that counsel's performance was in fact deficient.

(b) Mack's claim that trial counsel was ineffective for failing to move for acquittal is without merit because, as explained in Division 1, the evidence was sufficient to support the verdict, which precludes a showing of prejudice.[9]

---

[1] *Davis v. State*, 223 Ga. App. 346, 347 (1) (477 SE2d 639) (1996).

[2] 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] *Davis*, supra; *Lockett v. State*, 147 Ga. App. 102 (1) (248 SE2d 177) (1978).

[4] 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

[5] Id.; *Etheridge v. State*, 228 Ga. App. 788, 789 (2) (492 SE2d 755) (1997).

[6] (Citations and punctuation omitted.) *Johnson v. State*, 214 Ga. App. 77, 78 (1) (447 SE2d 74) (1994).

[7] (Citation and punctuation omitted.) *Williams v. State*, 219 Ga. App. 167, 168 (2) (464 SE2d 404) (1995).

[8] Cf. id.

[9] *Hardegree v. State*, 230 Ga. App. 111, 113 (4) (a) (495 SE2d 347) (1998); *Hayes v. State*, 211 Ga. App. 801, 803 (1) (440 SE2d 539) (1994).

(c) The decisions on which witnesses to call, whether and how to conduct cross-examination, which jurors to accept or strike, what trial motions should be made, and all other strategic and tactical decisions are the exclusive province of counsel after consultation with the client.[10] Trial counsel's strategic decisions made after thorough investigation are virtually unchallengeable.[11] "They provide no grounds for reversal unless such tactical decisions are so patently unreasonable that no competent attorney would have chosen them."[12]

Mack has not satisfied either prong of *Strickland* for his remaining assertions of ineffective assistance in that he has not shown how counsel's failure to interview and cross-examine the State's witnesses fell below the broad range of reasonable effective assistance or how counsel's performance prejudiced his defense. Trial counsel explained that he did not feel that it was necessary to contact the State's witnesses directly since he had the witnesses' statements and that, as a tactical matter, he did not want to further reinforce certain unhelpful testimony on cross-examination. This was perfectly acceptable trial strategy and provides no evidence that counsel's performance was deficient.[13]

Moreover, both trial counsel and Mack testified that Mack did not assist his counsel and was not forthcoming with information. He cannot now complain of counsel's alleged deficiencies that were caused by his own failure to communicate and fully cooperate with counsel.[14]

The conduct of Mack's defense counsel did not fall outside the range of reasonable professional judgment, nor did this performance prejudice his defense. Since the evidence supports the trial court's finding that Mack was not denied effective assistance, that determination must be upheld on appeal.[15]

*Judgment affirmed. Johnson, C. J., and McMurray, P. J., concur.*

DECIDED FEBRUARY 7, 2000 — 

*Willie C. Weaver*, for appellant.

---

[10] *Johnson*, supra at 79 (1).

[11] *Stephens v. State*, 265 Ga. 120, 122 (2) (453 SE2d 443) (1995).

[12] (Citation omitted.) *Champion v. State*, 238 Ga. App. 48, 49 (1) (b) (517 SE2d 595) (1999).

[13] *Brewer v. State*, 219 Ga. App. 16, 21 (7) (463 SE2d 906) (1995).

[14] Compare *Bolden v. State*, 224 Ga. App. 389, 390 (2) (c) (480 SE2d 395) (1997).

[15] See *Harris v. State*, 268 Ga. 412, 413 (490 SE2d 96) (1997).

*Kenneth B. Hodges III, District Attorney, Bradford R. Pierce, Assistant District Attorney*, for appellee.