A00A0240. MOODY v. THE STATE.
(534 SE2d 912)

MILLER, Judge.

Arthur Q. Moody was tried before a jury and found guilty of two counts of armed robbery and two related firearms violations. On appeal, the sole enumeration of error contends the trial court abused its discretion in refusing Moody's request to appoint substitute counsel or to grant a continuance so Moody could seek alternative representation, as a result of which, Moody was allegedly denied his right to effective assistance of counsel. We affirm.

The crimes were committed on Friday, December 22, 1995. Indictments were handed up February 23, 1996, and Moody was arraigned on April 2, 1996, represented by appointed counsel. Also on April 2, counsel represented Moody in a probation revocation hearing based on his commission of the subsequent offenses alleged in the indictment.

After that revocation hearing, the trial court concluded that a co-defendant identified Moody as one of the participants to the armed robberies, placing him at the scene of the crime. Moody was also identified by both victims and further identified by one victim as the gold-toothed assailant armed with a shotgun. On December 28, 1995, Tabitha Height approached police and identified Moody and three others by name as the participants of this armed robbery, stating she had seen them dividing the money on the night of the robbery.

On August 29, 1996, Moody moved to release appointed counsel so he could hire his own lawyer. Moody first claimed counsel "didn't want to be [his] lawyer. [Counsel] told [Moody] to ask for a motion to get him withdrawn." In response to direct inquiry by the court, counsel replied, "this is not my motion." Moody also claimed he never spoke with counsel "until last night when he came [to the jail] and went over a little of the case with [Moody]." The trial court reminded Moody that counsel had participated in the prior probation revocation hearing but allowed counsel to be released with the express admonition that "another attorney will not be appointed free of charge for [Moody]." Rather, Moody must either hire another attorney on his own or else must represent himself, which the court advised against.

When Moody again complained that "yesterday was the first time [Moody] saw [counsel]," the court explained to Moody, "That is not accurate." The court further stated that counsel had represented Moody effectively and competently at the revocation hearing and noted the trial would be based on the same set of facts. Armed with this knowledge of the State's case, counsel allegedly told Moody that he was "not being railroaded, and nothing is . . . going to help [Moody's case]," i.e., it would not be useful to subpoena other witnesses for trial. Moody had no other specifications against his appointed counsel.

On September 16, 1996, Moody appeared pro se and announced he was not ready to represent himself at trial because he was still in the process of seeking a lawyer, waiting to hear from "Legal Aid of the Georgia Bar Association." The case was continued for one week. On September 23, 1996, when the case was sounded for trial, Moody still had not hired an attorney. He was informed that the trial would go forward with Moody representing himself with the assistance of an appointed attorney at counsel table who would not represent

Moody but who was available to lend technical advice concerning the proceedings.

1. As to the contention that the trial court erred in failing to continue the case, the record demonstrates that the case was twice continued: from August 29 to September 16 and again to September 23, 1999. Moody made no additional request for a continuance on the morning of September 23, before participating in the trial. So from the record, it appears that Moody was *granted* every continuance he requested. Consequently, this portion of the enumeration is not supported by the record.

2. Relying on *Heard v. State*,[1] Moody contends the trial court abused its discretion in refusing to substitute appointed counsel, arguing the court failed to hold a more in-depth hearing on the substance of Moody's allegations of a conflict with appointed counsel. We hold that additional inquiry was not warranted.

(a) When appointed counsel stated in his place that the withdrawal motion was "not [his] motion," counsel effectively denied the allegation that he did not want to be Moody's lawyer. That was sufficient to dispel any possible concern whether counsel could fulfill his important role to represent Moody zealously within the bounds of the law.

(b) The circumstance that appointed counsel filed no discovery motions seeking access to evidence fails to raise any inference in this case that appointed counsel's representation fell below any standard of reasonableness, because counsel had essentially seen the State's entire case at the revocation hearing.[2]

(c) At no time, either in the trial court or on appeal, has Moody ever suggested the name of a helpful witness that counsel refused to subpoena. Consequently, the claim that appointed counsel represented to Moody that there was nothing to be done (to prepare or defend his case) amounts only to counsel's professional judgment that the case would depend on the credibility of the witnesses, including Height, who recanted under oath her previous statement that she saw Moody and the others dividing the spoils of the armed robbery. This is perfectly acceptable trial strategy and provides no evidence that counsel's performance was deficient.[3] Consequently, there was no need for any additional in-depth inquiry by the trial court as contemplated by *Heard v. State*.[4] "If the defendant does not

---

[1] 173 Ga. App. 543 (1) (327 SE2d 767) (1985).

[2] See *Robinson v. State*, 210 Ga. App. 278, 279-280 (3) (435 SE2d 718) (1993) (failure to file discovery motions not harmful where defense had access to the State's file via informal cooperation).

[3] *Mack v. State*, 242 Ga. App. 256, 258 (2) (c) (529 SE2d 393) (2000).

[4] Supra, 173 Ga. App. at 544 (1).

have a good reason for discharging his court-appointed attorney, the trial court does not err in requiring him to choose between representation by that attorney and proceeding pro se."[5] Here, the circumstances of record authorized the conclusion that Moody waived his right to appointed counsel by demanding the release of his lawyer without good grounds.

*Judgment affirmed. Pope, P. J., and Smith, P. J., concur.*

DECIDED MAY 26, 2000.

*Crudup & Hendricks, Lisa M. Mantz, Ninfo & Ledbetter, Paul M. Ledbetter, Jr.*, for appellant.
*Alan A. Cook, District Attorney*, for appellee.

