### S01A1048. GREENE v. THE STATE.
(552 SE2d 834)

HUNSTEIN, Justice.

Melvin Greene, Sr. was convicted of the felony murder of Leroy Bryant, Jr. and sentenced to life imprisonment.[1] He appeals and we affirm.

1. The jury was authorized to find that on the evening of September 25, 1999 Greene and the victim became involved in an altercation outside a convenience store. The victim harassed Greene and Greene responded by breaking a beer bottle over the victim's head. The victim retreated across the street, where he picked up a stick and taunted Greene. Greene's friends told him to leave the victim alone and offered to buy him another beer. While his friends were collecting money and purchasing the beer, Greene threw rocks across the street at the victim. Greene then crossed the street and he and the victim began to fight. During this altercation, the victim struck Greene with the stick, and Greene lunged at the victim with a knife, fatally stabbing the victim in the heart.

We find the evidence sufficient to enable a rational trier of fact to find Greene guilty of the crimes charged beyond a reasonable doubt. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Greene contends the trial court erred by admitting as a similar transaction evidence of his 1989 conviction for aggravated assault because the State failed to prove that the prior conviction was similar to the crime charged. Evidence of similar transactions may be admitted if there is sufficient evidence that the accused committed the offense or act and that there is a sufficient connection or similarity between the offense and the crime charged, so that "proof of the former tends to prove the latter." *Williams v. State,* 261 Ga. 640, 642 (409 SE2d 649) (1991). The evidence may not be admitted if it is done so merely to "raise an improper inference as to the accused's character." Id.

---

[1] The crimes occurred September 25, 1999. Greene was indicted in Floyd County on four counts: felony murder, aggravated assault, voluntary manslaughter, and recidivism. Trial was held February 12-15, 2001 and Greene was found guilty of felony murder and aggravated assault and sentenced to life imprisonment for felony murder. The aggravated assault conviction merged with the felony murder conviction as a matter of law. Greene filed a notice of appeal on March 13, 2001, the appeal was docketed in this Court on May 5, 2001, and submitted for decision on the briefs on June 4, 2001.

The State presented evidence establishing that in 1989 a couple made insulting racial remarks to Greene at a restaurant. Although Greene's friends tried to dissuade him, Greene followed the couple outside to the parking lot, where Greene and the man fought. During the altercation, Greene attacked the man with a knife, stabbing him over both eyes and in his neck in an attempt to cut his jugular vein. Based on this evidence, we find the trial court did not err in admitting evidence of the 1989 assault to show Greene's intent, bent of mind, and course of conduct in the stabbing in the present case. In both instances, Greene was verbally provoked, he had the opportunity to retreat, his friends encouraged him to retreat, he further engaged his victim, he stabbed both victims in a lethal manner, and he later claimed he acted in self-defense. Greene's conduct and choice of action were nearly identical in both instances and he was convicted in the previous incident, thereby establishing that Greene committed the previous act. Accordingly, we find sufficient similarities between the two incidents so that proof of the 1989 incident and conviction tended to prove and support the evidence of the crime charged.

We reject Greene's contention that evidence of the similar transaction was inadmissible because the prior incident involved a racial epithet and the knife used in that assault was somewhat larger in size. Greene "erroneously focuses upon the differences between the prior and instant [assaults] rather than correctly focusing upon their similarities." *Farley v. State*, 265 Ga. 622, 624 (2) (458 SE2d 643) (1995).

3. Greene contends the trial court erred in refusing to continue the trial to allow him time to obtain new counsel. Whether to grant a motion for continuance is entirely within the sound discretion of the trial court and will not be disturbed absent a clear abuse of discretion. *Young v. State*, 237 Ga. 852, 855 (230 SE2d 287) (1976). In this case, there is no evidence that Greene requested new counsel or at any time expressed dissatisfaction with his attorney. Although defense counsel did raise a potential conflict of interest with a State's witness prior to trial, the trial court found no conflict existed and the record shows that Greene was prepared at that time to provide a waiver in order to retain his counsel. Moreover, had Greene wished to obtain new counsel because of the perceived conflict, the month-long continuance of trial due to defense counsel's illness provided sufficient time for Greene to do so. We find no abuse of discretion.

4. Nor did the trial court abuse its discretion in denying Greene's motion for continuance to allow him time to review the record and transcript of his 1989 conviction and to obtain the victim's criminal history. Greene had access to the State's entire file for at least a year before the start of trial and pursuant to court order had access to the

record of his 1989 conviction more than a month before trial. As for the victim's criminal history, Greene requested this information from the State just three days before trial and failed to give the State timely notice of his intent to use the information at trial. See Uniform Superior Court Rule 31.1. Nevertheless, the State provided Greene with all criminal records on the victim in its possession. Because Greene had ample opportunity to obtain and review the information and documents he requested and the available criminal history was provided to Greene even though not timely requested, we find the trial court did not abuse its discretion in denying the motion for continuance. See OCGA § 17-8-22. Moreover, Greene has failed to demonstrate any harm from the denial of the motion for continuance. See *Roberts v. State*, 272 Ga. 822, 824 (2) (537 SE2d 86) (2000).

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 17, 2001.

*Phyllis V. Harris*, for appellant.

*Tambra P. Colston, District Attorney, Martha P. Jacobs, Assistant District Attorney, Thurbert E. Baker, Attorney General, Madonna M. Heinemeyer, Assistant Attorney General*, for appellee.