### A02A1725. HICKEY v. THE STATE.
(576 SE2d 628)

PHIPPS, Judge.

A jury found Tyrone Hickey guilty of theft by receiving stolen property, and he was sentenced to ten years imprisonment. His motion for new trial was denied. On appeal, Hickey contends that his appointed attorney provided ineffective assistance of counsel before his trial, that he was denied his right to counsel because the court

---

improperly forced him to proceed to trial without an attorney, and that he was erroneously denied a continuance. Because the record does not support Hickey's contentions, we affirm.

On the day of Hickey's trial, May 22, 2000, Hickey asked the court to remove his appointed attorney and allow him to represent himself. He stated, "I've been locked up six months. I've seen [the attorney] three times and only briefly, never to discuss my case, what motion or defense we're going to present in a trial." He complained that "[his attorney] ha[d] stated that he [did not] believe he [could] do anything with my case." The attorney reported that he had engaged in discovery and had advised Hickey that the State's evidence was overwhelming. Hickey stated that he had been through a trial before and felt he could represent himself better than his appointed counsel. The court warned Hickey of the dangers of self-representation, but Hickey insisted that he wanted to represent himself and requested a continuance. The court denied Hickey's request, permitted him to proceed pro se, and then required the attorney to sit nearby as standby counsel.

The State's evidence showed that over a period of several months in 1999, Hickey sold numerous fish finders and depth finders to a pawnshop, the serial numbers of which corresponded with items missing from the inventory of a local sporting goods store. The pawnshop operator became suspicious that the items had been stolen. In November 1999, when Hickey returned to the pawnshop with another depth finder in a plastic bag, the operator refused to buy it and then contacted the police. Soon after, a police detective spotted Hickey carrying a plastic bag. When the detective approached Hickey, Hickey no longer had the bag. However, the detective discovered a plastic bag hidden under a pile of leaves where he had initially spotted Hickey. The bag contained a depth finder.

Hickey conferred with standby counsel throughout the trial. He cross-examined each of the State's witnesses, although he presented none of his own. In closing, Hickey stated, "I pawned them. Yeah, they were in my possession. I had them. I didn't steal them." He argued that there was no evidence that he knew that the items were stolen.

1. Hickey contends that his appointed attorney provided ineffective pretrial representation and that the trial court erred by not holding a hearing on that matter.

(a) To establish ineffective assistance of counsel, Hickey must demonstrate that his counsel's performance was deficient and that he was prejudiced to the extent that, but for the deficiencies, there was a reasonable probability that the trial outcome would have been differ-

ent.[1] Hickey must also overcome the strong presumption that his counsel's conduct fell within the broad range of reasonable professional conduct.[2] We review a trial court's finding of effective assistance under the clearly erroneous standard.[3]

Hickey asserts that his attorney was not prepared to defend him at trial because he had not interviewed witnesses, adequately investigated the facts and law, or consulted with him regarding trial strategy. At the motion for new trial hearing, the attorney outlined what he had done on Hickey's case. He had reviewed evidence and researched the elements of the charge, affirmative defenses, and the range of possible sentences. He had filed discovery motions, reviewed the contents of the State's file, and spoken with the police detective and Hickey's parole officer. Also, counsel had notified Hickey of two plea recommendations and met with him several times. Hickey's explanation to the attorney for possessing and disposing of the fish finders and depth finders was that "some Mexicans brought these items down to his house, and left [them] with him to do whatever he wanted to with [them]." Because Hickey was not denying that he had taken the items to the pawnshop, the attorney found it unnecessary to talk with the pawnshop operator.

When Hickey was asked at the hearing to specify with more particularity what his attorney had failed to do, Hickey did not suggest the name of any helpful witness that counsel refused to subpoena; he did not point to any evidence that should have been introduced in his defense; nor did he otherwise explain how any particular act or omission was deficient and how that deficiency changed the outcome of his trial. Under these circumstances, Hickey has failed to establish that the trial court's determination that he was afforded effective assistance of counsel before trial was clearly erroneous.[4]

(b) Hickey points out that in February 2000, he wrote a letter to the trial court expressing dissatisfaction with his appointed attorney and requesting that another attorney be appointed or that he be allowed to proceed pro se. The court answered Hickey that "it would not be proper to dismiss [his appointed attorney] at this time" and forwarded Hickey's letter to defense counsel. Hickey did not follow up with the trial court, and according to the attorney, Hickey expressed no dissatisfaction to him until the day of the trial.

Hickey contends that a pretrial hearing should have been held

---

[1] *Jackson v. State*, 252 Ga. App. 157, 159 (2) (555 SE2d 835) (2001); *Gerrard v. State*, 252 Ga. App. 767, 770 (4) (556 SE2d 131) (2001).

[2] *Potter v. State*, 273 Ga. 325, 326 (540 SE2d 184) (2001).

[3] *Gerrard*, supra.

[4] See *Johnson v. State*, 251 Ga. App. 455, 457 (2) (554 SE2d 587) (2001); *Oliver v. State*, 246 Ga. App. 32, 34-35 (1) (538 SE2d 837) (2000); *Mitchell v. State*, 242 Ga. App. 177, 182 (4) (d) (529 SE2d 169) (2000).

regarding the effectiveness of the attorney's representation. He cites no authority for that assertion, and we find none. Furthermore, the record shows that the trial court did hear Hickey's concerns before the jury was struck and that the matter was again considered at the hearing on his motion for new trial. We have determined in Division 1 (a), supra, that Hickey's claim of ineffective pretrial assistance of his counsel is without merit. Thus, the trial court's failure to hold a pretrial hearing on the issue is moot.

2. (a) Hickey contends that he was denied his right to counsel during the trial and sentencing hearing, arguing that the court erred by not substituting counsel and forcing him to represent himself. An indigent defendant is entitled to reasonably effective assistance of counsel, not counsel of his own choosing.[5] If a defendant does not show good cause for discharging his appointed attorney, the trial court does not err in requiring him to choose between representation by that attorney and proceeding pro se.[6]

We find no error in the trial court's decision to proceed to trial with Hickey representing himself. To justify removal of his counsel, Hickey claimed that his attorney had never discussed his case with him. He also complained that his attorney believed that nothing more could be done with his case and that he had visited him too infrequently. At the motion for new trial hearing, however, the attorney testified that he had discussed Hickey's case with him. The court was authorized to disbelieve Hickey.[7] Further, an attorney's representation is not deficient merely because of the number of visits with his client;[8] rather, each situation must be judged upon its own circumstances and degree of complexity.[9] Hickey's attorney testified that Hickey's case was not factually complex, and Hickey presented no evidence at the motion for new trial hearing that his attorney's allegedly deficient performance affected the outcome of his trial.[10] The trial court was authorized to find that Hickey had set forth no justifiable basis for relieving his appointed attorney and thus did not err in requiring him to choose between representation by that attorney and proceeding pro se.[11]

---

[5] *Jackson*, supra at 158.

[6] Id.

[7] See *Schwindler v. State*, 254 Ga. App. 579, 584 (4) (563 SE2d 154) (2002) (trial court determines credibility of witnesses at new trial hearings).

[8] *Mack v. State*, 242 Ga. App. 256, 257 (2) (a) (529 SE2d 393) (2000).

[9] Id.

[10] See Division 1 (a), supra.

[11] See *Jones v. State*, 272 Ga. 884, 886 (2) (536 SE2d 511) (2000); *Jackson*, supra at 158-159; *Moody v. State*, 244 Ga. App. 214, 216 (2) (c) (534 SE2d 912) (2000) (counsel's representation that there was nothing more to be done to prepare or defend a case may amount only to his professional judgment that the case would depend on the credibility of the witnesses and the strength of the State's physical evidence, which is perfectly acceptable trial strategy); *Mack*, supra at 258 (2) (c).

Moreover, given the timing of Hickey's renewed request to represent himself, the trial court could have concluded that the request was a dilatory tactic, which would be the functional equivalent of a knowing and voluntary waiver of appointed counsel.[12] The record reveals that Hickey knew of his right to counsel, that he understood that if he refused to proceed with the appointed attorney, he would go to trial without representation, and that he received ample warning about the dangers of self-representation. Under the circumstances of this case, Hickey knowingly and intelligently waived his right to counsel.[13]

(b) Hickey contends that because there was no valid waiver of counsel at trial, he was improperly denied his right to counsel at the sentencing hearing. Because the record demonstrates that Hickey validly waived his right to counsel,[14] this contention is without merit.

3. Hickey contends that the trial court erred by refusing to continue his trial so that he could obtain another attorney and prepare a defense. A ruling on a motion for continuance is within the trial court's sound discretion and will not be disturbed absent abuse of that discretion.[15] It follows from our conclusions in Divisions 1 and 2, supra, that the trial court did not abuse its discretion.

*Judgment affirmed. Andrews, P. J., and Mikell, J., concur.*

DECIDED JANUARY 16, 2003.

*Fred I. Graham*, for appellant.
*Kelly R. Burke, District Attorney, Amy E. Smith, Assistant District Attorney*, for appellee.

---

[12] See *Jones*, supra; *Jackson*, supra.
[13] See *Jackson*, supra at 159; *Potter*, supra at 325-326.
[14] See Division 2 (a), supra.
[15] *Greene v. State*, 274 Ga. 220, 221 (3) (552 SE2d 834) (2001).