## A03A1349. BRADWELL v. THE STATE.
(586 SE2d 355)

MILLER, Judge.

A jury found John Bradwell guilty of armed robbery, and the court sentenced him to 20 years in prison. He appeals, claiming that the court erred in (1) failing to give his requested charge on circumstantial evidence under OCGA § 24-4-6 and (2) giving him a harsher sentence than an accomplice who pled guilty. We hold that the evidence was so overwhelming that the error in failing to give the

requested charge was harmless, and that the court properly considered Bradwell's lack of remorse and refusal to take responsibility in its decision to impose the harsher sentence. Accordingly, we affirm.

Construed in favor of the verdict, the evidence showed that Bradwell and a female companion entered a store, with the female carrying pepper spray and Bradwell bearing a handgun. The female went to the rear of the store to watch a clerk who was having lunch, while Bradwell went to the cash register. Bradwell pointed the gun at the cashier and demanded the money in the register, which the cashier gave him. The female sprayed the other clerk when that clerk tried to intervene. The two robbers escaped and were later apprehended.

Not only were the robbery and its participants filmed on videotape, but the female robber confessed, pled guilty, and then testified to the events at trial, identifying Bradwell as the gunman. Moreover, when viewing the videotape in Bradwell's presence at the police station, Bradwell's father identified his son as the gunman, noted his son was wearing a distinctive shirt owned by the father, and then reprimanded his son by striking him. Based on this and other evidence, Bradwell was convicted of armed robbery and sentenced to 20 years confinement.

1. Bradwell complains that the court erred in failing to instruct the jury on the principle contained in OCGA § 24-4-6 concerning circumstantial evidence. Even though Bradwell had requested this charge and the court had indicated it would give this charge, the court neglected to do so.

*Mims v. State*, 264 Ga. 271, 272 (443 SE2d 845) (1994), is quite clear that where circumstantial evidence has been introduced, the trial court upon request *must* instruct the jury in the principle of OCGA § 24-4-6, which provides that "[t]o warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused." Nevertheless, *Mims* implicitly recognized that failure to give the charge would be harmless where the evidence of guilt was overwhelming. *Mims*, supra, 264 Ga. at 273. Thus, since *Mims* we have repeatedly held that where direct evidence of guilt was overwhelming, the trial court's failure to give the charge was not reversible error. See, e.g., *Burks v. State*, 246 Ga. App. 22, 25-26 (2) (538 SE2d 769) (2000); *Cornish v. State*, 219 Ga. App. 884, 885 (1) (466 SE2d 919) (1996); *Newsome v. State*, 217 Ga. App. 379, 381 (457 SE2d 232) (1995); *Ellerbee v. State*, 215 Ga. App. 102, 104 (4) (449 SE2d 874) (1994).

Here the direct evidence was overwhelming. The videotape, the unequivocal and incriminating testimony of the accomplice, and the damning statements and actions of Bradwell's father all combine to

render the inadvertent error in failing to give the instruction harmless. "This evidence and all reasonable deductions therefrom were completely inconsistent with a reasonable hypothesis of innocence. To reverse this conviction would be a perversion of justice." (Citation and punctuation omitted.) *Cornish,* supra, 219 Ga. App. at 885 (1).

2. Bradwell also complains that his accomplice, who pled guilty to a lesser charge of robbery, was sentenced to ten years probation while he was sentenced to twenty years in prison. He argues that the court unfairly punished him for exercising his right to a trial by jury.

The judge expressly stated that the reason for the harsher sentence was because of Bradwell's refusal to take responsibility or to show any remorse whatsoever for his actions. Indeed, at the sentencing hearing, Bradwell once again denied any responsibility for the armed robbery and defiantly challenged the jury's findings, telling the judge that "[t]he jury could find you guilty, too."

Assuming responsibility for one's actions is a key consideration for granting leniency in sentencing. Uniform Superior Court Rule 33.6 (A) (2). A defendant's refusal to take responsibility or to show remorse may therefore properly result in a harsher sentence than that given to an accomplice who has pled guilty. *Lee v. State*, 199 Ga. App. 246 (2) (404 SE2d 598) (1991); see *Johnson v. State*, 224 Ga. App. 568, 570-571 (2) (481 SE2d 268) (1997); *Thompson v. State*, 154 Ga. App. 704, 708-710 (5) (269 SE2d 474) (1980). Nothing in the record reflects that Bradwell's sentence was imposed merely as a punishment for his decision to exercise his right to trial. Under the circumstances, the trial court did not err in giving Bradwell a harsher sentence than his accomplice, particularly since she pled guilty to a *lesser* offense.

*Judgment affirmed. Smith, C. J., and Ruffin, P. J., concur.*

DECIDED AUGUST 5, 2003.

*Carl P. Greenberg,* for appellant.
*Paul L. Howard, Jr., District Attorney, Elizabeth A. Baker, Assistant District Attorney,* for appellee.